IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BRIAN ROBINSON,

                Petitioner,          Civil No. 10-1402-TC

              v.                FINDINGS AND
                                    RECOMMENDATION

WARDEN J.E. THOMAS,

                Respondent.

COFFIN, Magistrate Judge.

    Petitioner, an inmate in the custody of the United States
Bureau of Prisons filed a petition under 28 U.S.C. § 2241,
challenging his loss of good time credits and his removal from
the Residential Drug Abuse Program (RDAP) resulting in his
ineligibility for early release under 18 U.S.C. § 3621(e).

    Respondent filed a Response (#12) to petitioner's
Petition (#2) on December 27, 2010.  Petitioner's brief was
due on February 27, 2011 and this matter was taken under

1 - FINDINGS AND RECOMMENDATION

advisement by the court on March 17, 2011.

Petitioner did not filed a brief in support of his petition or requested an extension of time in which to do so. Accordingly, by Order (#18) filed May 19, 2011, petitioner was directed to show cause in writing  within 30 days of the date of the order why his petition should not be denied for the reasons set forth in respondent's Response (#12).

Petitioner was advised that failure to show cause as directed herein would result in the presumption that he concedes respondent's arguments or otherwise has abandoned his claim and that this proceeding will be dismissed for failure to prosecute.

Petitioner did not respond to the court's Order to Show Cause (#18).

To the extent that petitioner seeks to challenge his removal from the RDAP, petitioner's petition should be denied on the ground that this court lacks subject matter jurisdiction. *See*, Johnson v. Thomas, 2010 WL 2574090 (D.Or. 2010); Valentin v. Thomas, 2010 WL 5071242 (D.Or.2010).

To the extent that this court has jurisdiction to consider petitioner's removal from the RDAP and resulting ineligibility for early release, his claim fails because inmates have no protected constitutional interest in early release. McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999); Jacks v. Crabtree, 114 F.3d 983, 986 n. 4 (9th Cir. 1997); Downey v. Crabtree, 100 F.3d 662, 671 (9th Cir. 1996).

To the extent that petitioner seeks to challenge the loss of good time credits, it is uncontested that he has not exhausted administrative remedies prior to filing his petition. <u>Wyatt v. Terhune</u>, 280 F.3d 1238, 1245 (9th Cir. 2002). *See* Declaration of Robbie Rhodes (#16) and Declaration of Randy McWilliams (#16).

To the extent that petitioner pursued his administrative remedies, it is uncontested that he was afforded due process under <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) and <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985). Any defects petitioner may have experienced in his prior hearing were cured by the in person hearing petitioner received on December 15, 2010, and any claim for violation of due process with respect to the previous hearing is moot.

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed for failure to prosecute.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.


DATED this 11 day of August, 2011.

Thomas M. Coffin
United States Magistrate Judge